Summers, J.
The contention on the part of the minor son, Stanley Holdren, is that by the will he took a vested estate in remainder, and *280 that it was accelerated, and took effect in possession immediately upon the determination of his mother’s life estate, by her election not to take under the will. And the contention on the part of the other devisees is, that the estate devised to the minor son is not an estate in remainder but by executory devise, that it was not accelerated by the election of the widow not to take under the will and that a court of equity will sequester what the widow would have taken under the will to compensate the disappointed devisees.
We do not think it important to consider whether the minor took an estate in remainder or by ex-ecutory devise, for in the view we take of the case the doctrine of acceleration of remainders has no application. That doctrine is based upon the presumed intention of’the testator to devise the property in remainder from and after the determination of the preceding estate, and not from and after the death of the life tenant. It is a rule of interpretation, and is to be applied so as to effect and not to defeat the testator’s intention.
By the fifth item the testator devised the one-sixth part of his real estate to his widow for and during her natural life, and at her death' to his son Stanley in fee simple. In Lessee of Thompson v. Hoop, 6 Ohio St., 487, Bartley, C. J., quotes with approval from 1 Jarman on Wills as follows: “Every devise of a future interest, which is not preceded by an estate of freehold created by the same will, or which, being so preceded, is limited to take effect before or after, and not at the expiration of such prior estate of freehold, is an executory de *281 vise.” Counsel contend upon the authority of that case that Stanley’s estate is limited to take effect at the widow’s death, and not at the expiration of her life estate, and that, therefore, his estate is not accelerated by her election not to take under the will. But if the doctrine of acceleration applies, the words, “At her death” must be interpreted to mean from and after the determination of her life estate. In Jull v. Jacobs, L. R. 3 Ch. Div., 711, the devise was to a daughter of the testator “during her life time”, and “after her decease” to be divided equally between “her children on their becoming of age.” The daughter signed the will as a witness, and for that cause, under the English statute, the devise to such daughter was void. The question was as.to the disposition of the property devised, during the period between the death of the testator and the actual death of the daughter. It is there ruled: “That a gift to A for life, and from and after the decease of A, to B, C, D or anybody else, means from and after the determination of the estate; and whether the estate is determined by revocation or by death, or by the incapacity of the devisee to take, or by any other circumstance, the life estate being out of the way, the remainder takes effect, having only been postponed in order that the life estate may be given to A.” In Lainson v. Lainson, 18 Beav., 1, Lord Romily says: “This doctrine rests upon the authorities from the earliest period downwards.” In Blatchford et al. v. Newberry et al., 99 Ill., 11, in the opinion and in the dissenting opinion quite a number of cases are referred to, in which this doctrine is laid down. In 1 Jarman on Wills, 537, *282 it is said: “The doctrine evidently proceeds upon the supposition that, though the ulterior devise is in terms not to take effect in possession until the decease of the prior devisee, if tenant for life, or his decease without issue, if tenant in tail, yet that, in point of fact, it is to be read as a limitation of a remainder, to take effect in every event which removes the prior estate out of the way.”
This doctrine, however, is based upon the presumed intention of the testator, and it can be invoked only to effect that intention, and not to defeat it. If the provision made by the testator for his widow was in addition to her dower, or if the termination of her life estate would not disappoint other beneficiaries under the will, the presumption would be that Stanley’s possession had been postponed merely to let his mother enjoy the one-sixth for her life; but there is no room for the presumption where' the provision is not in addition to dower, and where the presumption can be raised only at the expense of other devisees. The testator cannot be presumed to have intended that his widow, by electing not to take under his will, might not only double what she receives from his estate, but also treble what her son will receive. It is true the testator is presumed to have made his will with knowledge that he could not defeat his wife’s right of dower, but there is also-a presumption that he gave her by his will all that he intended.
In Millikin v. Welliver, 37 Ohio St., 460, it is held that: “If the husband devise his real estate to his wife for life, with remainder to his heirs, and the wife elects to take her dower, or fails to *283 make her election, the remainder vests in fee in the heirs, subject to the dower estate of the wife.” This holding is based upon the doctrine of acceleration, but it must be understood as limited to cases in which that doctrine is applicable, otherwise it is too broad. In that case there was no disappointed legatee, but all of the estate went to the remainder-man.- It is well settled, when a widow elects not to take under a will, but to take under the law, her portion under the will will be sequestered to compensate those beneficiaries under the will whose shares are cut down by her election. Pomeroy’s Equity'Jurisprudence, Section 517. It is so held in Jennings v. Jennings, 21 Ohio St., 56. There the testator devised the undivided one-third part of his real estate to his widow for and during her natural life, and the remaining two-thirds thereof to his brothers and sisters in fee simple; the widow elected not to take under the will and then claimed that the testator died intestate as to the fee of the one-third that he had devised to her for life, and that it descended to her by the statutes of descent; she also claimed dower in the remaining two-thirds of the real estate devised to the brothers and sisters, held: “Where, in such case, the widow elects to be endowed of the lands of her husband, the devisees, who are prejudiced by such election, are equitably entitled to compensation out of the rejected provision made for her in the will.” In the opinion the following is quoted with approval from Adams’ Equity: “The effect of election is not to divest the property out of the donee, but to bind him to deal with it as the court shall direct.” See also Pomeroy’s Equity Jur., See *284 tion 467. Oúr statute, Section 5963, provides that, “the widow or widower shall not be entitled to both dower and provisions of the will in her or his favor, unless it plainly appears by the will to have been the intention that the widow or widower should have such provision in addition to the dower and such distributive share.” And that, “if any provision be made for a widow or widower in the will of the deceased consort, the probate court shall, forthwith, after the probate of such will, issue a citation to such widow or widower to appear and elect whether to take such provision or to be endowed of the lands of the deceased consort and take the distributive share of the personal estate.” Section 5964, Revised Statutes, provides that, “if the widow or widower shall fail to make such election, the widow or widower shall retain the dower, and such share of the personal estate of the deceased consort as the widow or widower would be entitled to by law in case the deceased consort had died intestate, leaving children,” so that an election to be endowed and to take the distributive share, or a failure so to elect, divests the provision made by the will, and such portion will be sequestered to compensate the disappointed devisees. Whether or not if there should be a surplus after compensating the disappointed legatees, it should be paid to the remainder-man or would descend as intestate property, it is not necessary in the present case to determine. It is directed to be paid to the remainder-man in McReynolds v. Counts, 9 Grattan, 242.
If the widow had elected to take under the will the personal property given her would have been *285 taken to pay debts, and under Section 5973, Revised Statutes, all the other devisees and legatees would have been required to contribute to her their respective proportions of the loss, but as they must contribute in the same ratio to pay the debts, and as the value of the personal property has been so applied, it is not necessary now to take that into account. The value of the widow’s life estate should be applied in payment of her dower. The value of her estate for life in the one-sixth of the real estate devised to Stanley is equal to one-half of the value of her dower, and the other five-sixths of the real estate should be charged with the payment of the other one-half of her dower.
Applying these principals to the facts admitted by the pleadings the result would be reached as follows: The value of the real estate is $14,-572.50. Stanley’s share is one-sixth, $2,428:75. The widow’s life estate in the one-sixth devised to Stanley is equal to one-half of her dower. Deducting the other one-half of her dower, $1,577.12, from the value of five-sixths of the land, leaves $10,566.63; adding to this the value of Stanley’s remainder, $851.63, gives $11,4x8.26, as the amount chargeable with the costs, debts and legacies, which, after deducting $442.90, the value of the personal property, amount to $3,101.15.
Stanley’s share is to the whole of the debt as the value of his remainder is to the amount chargeable with the debt, that is, it is $231.29. Deducting his share of the debts from the value of the remainder in the one-sixth of the real estate devised to him by the will leaves $620.34 as the *286 amount that should be paid to him upon distribution. The remainder of the amount on hand for distribution should be distributed one-fifth to each of the other four sons, and one-fifth to the children of the deceased daughter.
This is only- for the purpose of illustration. There may be costs and charges incurred since the stating of the above amounts, so that the order is that distribution be made as follows: i. The debts, costs of administration and specific legacies. 2. To Stanley an amount equal to one-sixth of the proceeds of the sale of the real estate, diminished by the value of the life estate of the widow therein, and further diminished by the proportionate amount of the debts, costs and specific legacies chargeable on his interest. 3. One-fifth of the remainder of the fund on hand for distribution to each of the other four sons, and one-fifth to the .children of the deceased daughter.

Judgment reversed and judgment in accordance with the opinion.

Price, C. J., Si-iauck, Crew and Spear, jj\, concur.